**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Isaac Cruz Rodriguez; David Gburek; Travis Miller; Jeffrey Montoya<br><br>Plaintiffs,<br><br>vs.<br><br>Cobblestone Auto Spa & Market XI L.L.C., an Arizona limited liability company;<br><br>Defendant | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs for their Complaint against Defendant, allege as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

Complaint and Demand for Jury Trial                                                                                           Page 1

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendant for unlawful failure to pay overtime and minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq*.

4. Arizona law protects employees from employers seeking to pay less than minimum wage.

5. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $8.05 per hour.

6. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

7. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

8. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

9. Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

10. Defendant also had a consistent policy and practice of paying its employees less than the minimum wage.

11. Plaintiffs seeks to recover unpaid overtime and minimum wage, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court have jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

13. The Court also has supplemental jurisdiction over the state law claims.

14. Venue is proper under 28 U.S.C. § 1391(b) because Defendant reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

15. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or

representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

16. At all times material hereto, Plaintiffs were residents of Maricopa County, Arizona.

17. At all times material hereto, Cobblestone Auto Spa & Market XI Maricopa County.

18. At all relevant times, Plaintiffs was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1) by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

19. The provisions set forth in 29 U.S.C. § 206 and 207 of the FLSA apply to Defendant.

20. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d) and in in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

21. At all times material to this action, each of the Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

22. Plaintiffs engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

23. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

24. Cobblestone Auto Spa & Market XI L.L.C. operates a full service grocery store, gas station, and car wash in Maricopa County.

25. The three Plaintiffs were hired to wash and detail cars for Defendant.

26. Cobblestone Auto Spa & Market XI L.L.C. hired Plaintiff Cruz Rodriguez in March of 2015.

27. Cobblestone Auto Spa & Market XI L.L.C. hired Plaintiff Gburek in March of 2015.

28. Cobblestone Auto Spa & Market XI L.L.C. hired Plaintiff Miller in March of 2015.

29. Cobblestone Auto Spa & Market XI L.L.C. hired Plaintiff Montoya in February of 2015.

30. Each Plaintiff was paid an hourly rate of $8.05 per hour.

31. Plaintiffs were non-exempt employees.

32. Plaintiffs had no supervision or management responsibilities.

33. Plaintiffs could neither hire nor fire employees.

34. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

35. Defendant managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

36. Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Cobblestone Auto Spa & Market XI or its' customers.

37. Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

38. Plaintiffs did not perform work requiring advanced knowledge.

39. Plaintiffs' primary duties were not managing Defendant's enterprise or managing a department of subdivision of Defendant's enterprise.

40. Defendant has a policy in which if Plaintiffs are not actively washing cars, they are clocked out and not paid for work as they wait for cars to arrive.

41. Plaintiffs were not allowed to leave the premises when they were clocked out. They would have to wait in the car wash center for a vehicle. Once they began working on a vehicle, Defendant would clock Plaintiffs back in.

42. Plaintiffs could not trade responsibilities with other employees.

43. Plaintiffs were not allowed to use their time freely while not being clocked in. They had to remain on site and actively wait for the next vehicle to arrive.

44. Plaintiffs could not use the time effectively for their own purposes.

45. Plaintiffs were only paid for the time they were washing cars, not for anytime they were under the control of Defendant waiting for a car to arrive.

46. Plaintiffs had a fixed schedule consisting of five work days per week. Initially Plaintiffs were scheduled to work a fixed 35 hours per week.

47. Starting in June of 2015, Plaintiffs schedule changed and they now have to work five days per week from 9 am to 8:30 p.m. This schedule sometimes varies but Plaintiffs regularly and consistently work 50-70 hours per week.

48. Plaintiffs are constantly clocked out each and every day when there are no cars to wash, however if they attempt to leave the premises, they could be terminated.

49. By improperly deducting hours from Plaintiffs time worked, Defendant is depriving Plaintiffs upwards 20-30 hours of regular wages per week.

50. As Plaintiffs work every week in excess of thirty five hours and Defendant is only compensating them for their car wash time, the wages paid by Defendant failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

51. Since June of 2015, each Plaintiff has been working over 40 hours per week in which they work their full schedule and Defendant does not compensate Plaintiffs at time and one half for hours worked over forty.

52. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendant on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

53. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

54. Pursuant to 29 U.S.C. § 206, Defendant were required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiffs worked.

55. Defendant willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage when those wages were due.

56. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

57. Plaintiffs have been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor and against Defendant:

    a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the award;

    c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

      e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

      f. For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364**

58. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

59. Pursuant to A.R.S. § 23-363, Defendant were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiffs worked.

60. Defendant willfully failed and refused to pay Plaintiffs at least the amount of the Arizona minimum wage when those wages were due.

61. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

62. Plaintiffs have been required to bring this action to recover their Arizona minimum wages remaining due and unpaid, and their statutory damages, and as the direct

and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor, and against Defendant:

   a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;
   b. Awarding Plaintiffs an additional amount equal to twice the underpaid wages;
   c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);
   d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;
   e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and
   f. For such other and further relief as the Court deems just and proper.

### COUNT THREE
### OVERTIME VIOLATION—29 U.S.C. § 207

63. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

64. While employed by Defendant, Plaintiffs regularly worked multiple hours of overtime per week since June of 2015.

65. Plaintiffs were non-exempt employees.

66. Defendant have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

67. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

68. As the direct and proximate result of Defendant' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

69. Pursuant to 29 U.S.C. § 216, Defendant are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

70. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

71. On information and belief, Defendant' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

72. Defendant has not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant:

    a. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiffs' regular rate of pay while at work for Defendant, in an amount proved at trial;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## DECLARATORY JUDGMENT

73. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

74. Plaintiffs and Defendant have an overtime compensation dispute pending.

75. The Court have jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 and the Uniform Declaratory Judgments Act, A.R.S. § 12-1831.

76. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a. Defendant employed Plaintiffs.

b. Defendant is engaged in an enterprise covered by the wage provisions of A.R.S. § 23-355.

c. Plaintiffs, individually, are covered by the wage provisions of A.R.S. § 23-355.

d. Plaintiffs earned wages for which they were entitled to payment from Defendant.

e. Defendant failed and refused to provide payment to Plaintiffs of the wages due at the time those wages became due.

f. Defendant has no good-faith basis for their failures and refusals to make the payments of wages to Plaintiffs when those wage payments became due.

g. Plaintiffs are entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

h. Defendant's failure or refusal to pay minimum wages at the required rates was willful.

i. Plaintiffs are entitled to an additional amount of damages under the Arizona Minimum Wage Act equal to twice the amount of minimum wages not paid by Defendant to Plaintiffs.

     j. Defendants are engaged in an enterprise covered by the minimum wage provisions of the FLSA.

     k. Plaintiffs individually are covered by the minimum wage provisions of the FLSA.

     l. Plaintiffs are entitled to his minimum wage pursuant to 29 U.S.C. § 206.

     m. Plaintiffs are entitled to wages at a rate equal to or exceeding the federal minimum wage rate pursuant to 29 U.S.C. § 206.

     n. Plaintiffs are entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

     o. Defendant's failure or refusal to pay the minimum wages at the required rates was willful.

     p. Plaintiffs are entitled to an amount as liquidated damages under the FLSA.

     q. Defendants did not rely on any good faith defense in their failure to abide by the provisions of the FLSA and the Arizona Minimum Wage Act in their failures to pay and minimum wages at the required rates.

77. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

78. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA and the Arizona wage laws;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA and the Arizona wage laws; and

c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: August 5, 2015

    Respectfully submitted,

    **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

    By: /s/ Trey Dayes
        Trey Dayes
        Attorney for Plaintiffs